UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TOMMY FOSTER, JR.<br>    OPCC #1626774<br>    LDOC #377481<br>VS. | CIVIL ACTION NO. 08-1587<br><br>SECTION P<br>JUDGE JAMES |
| THE STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Utilizing the forms provided to prisoners for filing civil rights (42 U.S.C. §1983) complaints in this District, Tommy Foster, Jr., appearing pro se, filed the instant civil action *in forma pauperis* on October 22, 2008. Foster is a pre-trial detainee in the custody of the Ouachita Parish Sheriff. He is incarcerated at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana awaiting trial on charges of simple burglary in Louisiana's Fourth Judicial District Court. He claims that he is being held without bond based on false charges that he earlier failed to appear for a court proceeding. In his original complaint he prayed for his immediate release from incarceration and for the dismissal of all pending charges. [rec. doc. 1, ¶V] In a letter-pleading filed on November 21, 2008, Foster asked the undersigned to "... promptly help me get a bond set in Ouachita Parish on my charges..." [rec. doc. 4] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that his civil rights complaint be construed as a petition for writ of *habeas corpus* and **DISMISSED WITHOUT PREJUDICE** because plaintiff failed to exhaust available state court remedies prior to filing his action in federal court.

### *Background*

On November 26, 2007, Foster was arrested and charged with one count of simple burglary. On the following day he posted bond but was rearrested and charged with three

additional counts of simple burglary. He again posted bond and was released from custody. On November 28, 2007, a bench warrant was issued. [rec. doc. 4, p. 5] Foster surrendered to authorities on December 3, 2007. On December 5, 2007, a hearing was convened. Foster was represented by counsel. The State requested that Foster be held without bond based on his prior criminal history; such evidence was presented and at the conclusion of the hearing, Foster was ordered held without bond pursuant to La. C.Cr.P. art. 330.1. [rec. doc. 4, pp. 15-23]

He has been held in custody, without bail, since that date.

*Law and Analysis*

Through this action filed as a civil rights complaint, Foster seeks his immediate release from custody and the dismissal of pending criminal charges. The Supreme Court has long held that a prisoner in state custody cannot use a §1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Thus, to the extent that Foster attacks the fact of his incarceration and to the extent he seeks his immediate release from custody and the dismissal of pending criminal charges, he fails to state a claim for which relief may be granted pursuant to 43 U.S.C. §1983.

His proper remedy is a petition for federal or state *habeas corpus* relief filed pursuant to the provisions of 28 U.S.C. §2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). Since *pro se* pleadings must be liberally construed (see *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), the undersigned will construe this complaint as a petition for writ of *habeas corpus*.

This does not end our inquiry, however, because state prisoners are not entitled to seek federal *habeas corpus* relief – whether pursuant to 28 U.S.C. §2241 or §2254) until such time as they have exhausted available state court remedies. See *Preiser*, 411 U.S. at 491; see also *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). The requirement of exhaustion of state court remedies is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction or his pre-trial detention by the state in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983). The exhaustion requirement is a judicial abstention policy developed "... to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir.1997).

In order to satisfy the exhaustion requirement, the petitioner must have provided <u>all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims</u>. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, while there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court, nevertheless, a body of jurisprudential law requires such persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of*

3

*Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Exhaustion in this context means that a federal litigant must fairly present his constitutional claims to the highest state court in a procedurally correct manner before he can raise those claims in federal court. *Ries v. Quarterman*, 522 F.3d 517 (5th Cir.2008). Foster claims that he is being held without bond in violation of the Constitution; however, it is clear that he has not fairly presented this claim to the Louisiana Supreme Court.[1] His claim therefore remains unexhausted and federal review of that claim at this time is inappropriate.

Foster is further cautioned that to the extent he now asks or, may later ask this court to interfere with or restrain the on-going criminal prosecution in Ouachita Parish, abstention pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) would likely be deemed appropriate. The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. Abstention under *Younger* "... is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church, Inc. V. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)), *cert. denied*, 515

---

[1] La. C.Cr.P. art. 343 provides, "A person held may invoke the supervisory jurisdiction of the court of appeal on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case." Under Louisiana's Constitution, petitioner also could invoke the general supervisory jurisdiction of Louisiana's Supreme Court should review of the court of appeals' judgment be necessary. See LSA Const. Art. 5, § 5(A). A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving Tommy Foster, Jr.

U.S. 1145, 115 S.Ct. 2583 (1995).

Therefore,

**IT IS RECOMMENDED** that Tommy Foster, Jr.'s Civil Rights Complaint be construed as a petition for writ of habeas corpus and **DISMISSED WITHOUT PREJUDICE** because Foster has failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, December 22, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE